# IN THE COURT OF APPEALS OF IOWA

No. 24-1916
Filed February 19, 2025

**IN THE INTEREST OF W.I. and K.I.,**
**Minor Children,**

**H.I., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

Judge.

     A mother appeals the order terminating her parental rights to two children.

**AFFIRMED.**

     Mandy L. Whiddon of Whiddon Law, Omaha, Nebraska, for appellant

mother.

     Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

     Tricia Scheinost, Council Bluffs, attorney and guardian ad litem for minor

children.

     Considered by Greer, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the order terminating her parental rights to two children: W.I., born in 2010, and K.I., born in 2009.[1] She challenges the grounds for termination, the reasonable efforts made by the State, and the finding that termination is in the children's best interests. Because the State proved the grounds for termination by clear and convincing evidence and termination is in the children's best interests, we affirm.

**I. Background Facts and Proceedings.**

The family has a long history of involvement with the Iowa Department of Health and Human Services (HHS).[2] The children were adjudicated children in need of assistance (CINA) and removed from the parents' custody for about ten months in 2018. The HHS again became involved with the children in September 2021 based on concerns about domestic violence perpetrated against the mother by her paramour in the presence of the children. The mother had been in a relationship with her paramour since 2016 or 2017, which is when the mother states that she began using methamphetamine.

In May 2022, the State petitioned for a CINA adjudication based on domestic violence in the home and the mother's use of methamphetamine while caring for the children. The juvenile court held a hearing on the petition in June. The next month, it entered an order adjudicating the children as CINA under Iowa

---

[1] The juvenile court also terminated the father's parental rights, but he does not appeal.

[2] The mother was also involved with child protective services in two other states between 2005 and 2016.

Code section 232.2(b), (c)(2), (n), and (p) (2022) and placing them in HHS's custody.[3]

Throughout the CINA proceedings, HHS asked the mother to provide samples for drug testing. She provided samples for testing on less than half of the occasions one was requested. The mother's samples tested positive intermittently through October 2023.[4] Then from November 2023 through May 2024, her samples tested negative for all substances with only one missed test. But from June 2024 forward, the mother provided no samples for testing.

On June 5, HHS learned that the mother's paramour died from a drug overdose. Police reports indicate that he cohabitated with the mother. This contradicted the mother's claims to HHS and the juvenile court that she had nothing to do with him.

In September, the State petitioned to terminate the mother's and father's parental rights. The juvenile court held the termination hearing at the end of October. The next month, it entered its order terminating parental rights. The court found that the State proved the grounds for termination under section 232.116(1)(e), (f), and (*l*) (2024) by clear and convincing evidence. It also found that termination is in the children's best interests.

---

[3] The children were returned to the mother's custody when she entered substance-use treatment shortly after the CINA adjudication. But the juvenile court removed the children after the mother tested positive for amphetamines in February 2023.

[4] Samples collected in May, August, October, and November of 2022, and in January, February, July, and October of 2023 tested positive. Along with methamphetamine and amphetamine, some samples tested positive for cocaine, marijuana, and opiates.

**II. Discussion.**

We review the termination of the mother's parental rights de novo using a three-step analysis. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). First, we determine whether the evidence supports any ground for termination under section 232.116(1). *Id.* If so, we apply the best-interest framework described in section 232.116(2) to determine whether it supports terminating parental rights. *Id.* Finally, we consider whether one of the scenarios described in section 232.116(3) apply and, if so, whether it should preclude termination. *Id.*

The mother first challenges the evidence showing the grounds for termination. Because the juvenile court terminated the mother's parental rights on three statutory grounds, we may affirm if one ground is supported by the record. *See id.* at 313. We may terminate parental rights under section 232.116(1)(f) if clear and convincing evidence shows

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

There is no dispute that the State established the first three requirements for termination under section 232.116(1)(f). The only question is whether the children could be returned to the mother's custody at the time of the termination hearing. *See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021) (interpreting "at the present time" to mean at the time of the termination hearing).

The mother contends there is insufficient evidence that the children could not be returned to her custody at the time of the termination hearing. But her testimony at the termination hearing belies her claim. When asked if the children could be returned to her custody, the mother testified, "Yes and no." She then stated:

> I miss my kids, and I'm a good mom, but being sober is all that I have to offer them right now at this time.
>
> I have spoken with my aunt on different occasions, and I've also spoke with Mrs. Scheinost. As their mother, I have to do the responsible thing, and I am barely able to care for myself. *I'm not able to care for them at the moment.*
>
> I do feel that termination is a bit harsh, but I do feel placement with my aunt is where they should be for a while. I just completed treatment. I'm trying to find a job and do all of that. They deserve to come home to a mother who's fully prepared to care for them, not just a mother who's sober, and right now at this time, *I am unable to do so.*

(Emphasis added.) Because the mother admitted she could not care for the children at the time of the termination hearing, we find termination is appropriate under section 232.116(1)(f).

The mother also challenges the reasonable efforts made by the State toward reunification. *See* Iowa Code § 232.102 (stating that HHS must "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). But these efforts are not a strict substantive requirement for termination. *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019). Instead, the reasonable efforts provided by the State impact its burden of showing a child cannot be safely returned to a parent's custody. *Id.* Even assuming the mother's argument has merit, she failed to preserve error by challenging the adequacy of the services offered to her by raising these concerns

during the CINA proceedings. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017) (clarifying that a parent who believes the nature or extent of the services offered to them is inadequate must object early to allow changes to be made or waive the issue at termination).

Finally, the mother challenges the finding that terminating her parental rights is in the children's best interests. In determining best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2); *accord L.T.*, 924 N.W.2d at 529 (stating that "we look to the child's long-range as well as immediate interests, consider what the future holds for the child if returned to the parents, and weigh the child's safety and need for a permanent home" (cleaned up)).

Clear and convincing evidence shows that termination is in the children's best interests. The children, who were fourteen and fifteen years old at the time of the termination hearing, both struggled because of the mother's inability to provide a safe and stable home. The guardian ad litem, court appointed special advocate, and HHS recommended terminating the mother's parental rights.

The children were removed from the mother's custody for well beyond the twelve months required for termination under section 232.116(1)(f). Once the statutory period for termination has passed, we view the proceedings with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). Although the mother had more than two years to remedy the problems that led to the CINA adjudication, she admitted she was still unable to care for the children. We will not

deny the children permanency based on the hope that the mother may one day be able to meet their needs. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**